Cesar MARROQUIN–IBARRA,
Petitioner,

v.

Eric H. HOLDER, Jr., Attorney
General, Respondent.

No. 10–72178.

United States Court of Appeals,
Ninth Circuit.

Submitted March 3, 2014.*

Filed March 5, 2014.

Claudia Jasmine Lopez, Esquire, Law Offices of Mendez & Lopez, Los Angeles, CA, for Petitioner.

Lynda Do, U.S. Department of Justice, Washington, DC, Chief Counsel Ice, Office of the Chief Counsel, Department of Homeland Security, San Francisco, CA, for Respondent.

Before: KOZINSKI, Chief Judge, GRABER, Circuit Judge, and ZOUHARY, District Judge.**

**MEMORANDUM ***

1. The Board of Immigration Appeals (BIA) didn't err in examining the criminal complaint and the abstract of judgment to determine that Marroquin–Ibarra had been convicted of elder abuse with a dangerous weapon. see 8 U.S.C. § 1229a(c)(3)(B); *Taylor v. United States*, 495 U.S. 575, 602, 110 S.Ct. 2143, 109 L.Ed.2d 607 (1990); *see also* Cal.Penal Code §§ 368(b)(1), 12022(b)(1). Marroquin–Ibarra's claim that he didn't use a dangerous weapon is an impermissible collateral attack on his state court conviction. *See Ramirez–Villalpando v. Holder*, 645 F.3d 1035, 1041 (9th Cir.2011).

2. The BIA didn't err in adopting the immigration judge's determination that elder abuse with a dangerous weapon is a crime of violence because the crime presents a "substantial risk that physical force ... may be used" against another person. 18 U.S.C. § 16(b); *see also* 8 U.S.C. § 1101(a)(43)(F). Marroquin–Ibarra's argument that he lacked intent is belied by the fact that a conviction for elder abuse requires a finding that the defendant "willfully cause[d] or permit[ted] any elder ... to suffer." Cal.Penal Code § 368(b)(1).

**DENIED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Jack Zouhary, District Judge for the U.S. District Court for the Northern District of Ohio, sitting by designation.

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.